Michael B. Reynolds, Bar No. 174534
mreynolds@swlaw.com
Colin R. Higgins, Bar No. 268364
chiggins@swlaw.com
Cameron J. Schlagel, Bar No. 320732
cschlgel@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES SPORTSMEN'S ALLIANCE FOUNDATION, an Ohio nonprofit corporation; SAFARI CLUB INTERNATIONAL, an Arizona nonprofit corporation; and CONGRESSIONAL SPORTSMEN'S FOUNDATION, a Washington, D.C. nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 2:22-cv-01395- DAD-JDP<br><br>**Joint Rule 26(f) Case Management Report** |

Plaintiffs The United States Sportsmen's Alliance Foundation, Safari Club International, and Congressional Sportsmen's Foundation (collectively, "Plaintiffs") and Defendant Rob Bonta in his official capacity as Attorney General of the State of California ("Defendant;" together with Plaintiffs, the "Parties") have complied with Rule 26(f) of the Federal Rules of Civil Procedure and conducted a discovery conference on October 27, 2022. The Parties hereby submit this Joint

Case Management Report pursuant to Rule 26(f)(1) of the Federal Rules of Civil Procedure.

## 1. **Attendance.**

Plaintiffs, through counsel Michael B. Reynolds, and Defendant, through counsel Gabrielle Boutin, attended the Rule 26(f) meeting on October 27, 2022, and assisted in developing this Joint Case Management Report.

## 2. **Service.**

All parties have been served and have appeared in this case. Defendants were served with the Complaint on August 22, 2022. The Certificate of Service has been filed with the Court. Defendant answered the Complaint on November 1, 2022.

## 3. **Nature of the Case.**

### A. Plaintiffs' Statement.

On June 30, 2022, "to further restrict the marketing and advertising of firearms to minors," the California Legislature passed, and Governor Newsom signed into law, AB 2571, which took effect immediately. 2022 Cal. Stats., Ch. 77, §§ 1(b) & 3. AB 2571 added California Business & Professions Code section 22949.80 ("Section 22949.80"), then in August 2022, AB 160 was signed into law amending Section 22949.80. As amended, Section 22949.80 makes it unlawful for any "firearm industry member" to "advertise, market, or arrange for placement of an advertising or marketing communication offering or promoting any firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors." Cal. Bus. & Prof. Code § 22949.80(a)(1).

Through this action, Plaintiffs seek preliminary and permanent injunctive relief enjoining enforcement of Section 22949.80. Plaintiffs contend that Section 22949.80 is unconstitutional because it: is unduly vague in violation of the Fifth and Fourteenth Amendments; imposes content- and speaker-based restrictions on lawful commercial speech in violation of the First Amendment; regulates nonmisleading commercial speech concerning lawful activity but does not advance

1  any legitimate State interest; infringes Plaintiffs' right to freely assemble and
2  associate; and discriminates against Second Amendment advocates without any
3  constitutionally permissible justification.

**B.    Defendant's Statement.**

This case involves Plaintiffs' constitutional challenge to California Business and Professions Code section 22949.80, which restricts the marketing and advertising of firearm products to minors.

The State of California enacted Assembly Bill 2571, codified in section 22949.80, in response to the "proliferation of firearms to and among minors" that "poses a threat to the health, safety, and security of all residents of, and visitors to, this state." Assem. Bill No. 2571 (2021–2022 Reg. Sess.), § 1(a). Section 22949.80 regulates *only* commercial speech—the advertising, marketing, or arranging for placement of an advertising or marketing communication offering or promoting any firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors. § 22949.80(a)(1). The statute expressly does not regulate communications that merely relate to firearm programs, events, or competitions. § 22949.80(a)(3). It also does not restrict core political speech about guns or conduct protected by the Second Amendment. For these and other reasons, section 22949.80 is a valid and constitutional public safety measure and Plaintiffs' requests for preliminary and permanent injunctive relief and declaratory relief should be denied.

**4.    Jurisdiction.**

This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims for relief arise under the Constitution and laws of the United States and, thus, present federal questions. This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 because this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs,

and usages of the State of California and political subdivisions thereof, of rights, privileges, or immunities secured by the United States Constitution.

**5.     Additions and Amendments.**

The Parties do not anticipate any additional amendments to the pleadings or the addition of any other parties at this time.

**6.     Forthcoming Motions.**

Plaintiffs have filed a Motion for Preliminary Injunction ("MPI Motion") that is set for hearing on December 13, 2022. The Parties anticipate subsequently filing motions for summary judgment and/or judgment on the pleadings.

The Parties do not contemplate any other motions at this time. However, discovery has not yet been commenced and could demonstrate the appropriateness of other dispositive or partially dispositive motions. Therefore, the Parties reserve the right to file dispositive or partially dispositive motions based upon information learned in discovery and at the appropriate time.

**7.     Discovery Plan (Fed. R. Civ. Proc. § 26(f)(3)).**

The Parties believe that the proceedings on the MPI Motion will help define the scope and timeline for discovery and trial. They therefore ask the Court to set its scheduling conference for a date after the MPI Motion has been resolved and the time for filing any appeal has expired. The Parties would be willing to submit an updated case management report prior to that conference.

At this time, the Parties do not foresee any particular issues related to discovery and do not suggest any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure.

**8.     Trial.**

The Parties anticipate that, if trial is necessary in this case, it will take 2-3 days.

/ / /

/ / /

**9.     Consent to Magistrate Judge.**

The Parties do not consent to the transfer of this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

DATED this 21st day of November, 2022.

        SNELL & WILMER L.L.P.

By: _/s/ Cameron Schlagel_
    Michael B Reynolds
    Colin R. Higgins
    Cameron J. Schlagel
    Attorneys for Plaintiffs


ROB BONTA
Attorney General of California

By:     */s/ Gabrielle D. Boutin*
    Gabrielle D. Boutin
    Deputy Attorney General
    *Attorneys for Defendants Attorney General Rob Bonta*