Michael B. Reynolds, Bar No. 174534
mreynolds@swlaw.com
Colin R. Higgins, Bar No. 268364
chiggins@swlaw.com
Cameron J. Schlagel, Bar No. 320732
cschlagel@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES SPORTSMEN'S ALLIANCE FOUNDATION, an Ohio nonprofit corporation; SAFARI CLUB INTERNATIONAL, an Arizona nonprofit corporation; and CONGRESSIONAL SPORTSMEN'S FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 2:22-cv-01395-DAD-JDP<br><br>**Stipulation and Joint Motion to Stay Proceedings Pending Appeal** |

Plaintiffs the United States Sportsmen's Alliance Foundation, Safari Club International, and Congressional Sportsmen's Foundation (collectively, "Plaintiffs"), on the one hand, and Defendant Rob Bonta, on the other hand (jointly, the "Parties"), through their respective attorneys of record, hereby stipulate and jointly move this Court for an order staying this action pending the resolution of

Plaintiffs' appeal to the Ninth Circuit of this Court's Order Denying Plaintiffs' Motion for Preliminary Injunction ("Order") (ECF No. 23).

On August 5, 2022, Plaintiffs filed their complaint (ECF No. 1) in this matter, challenging California's recently enacted Assembly Bill 2571 ("<u>AB 2571</u>") as unconstitutional on multiple grounds. Plaintiffs subsequently filed their operative First Amended Complaint (ECF No. 12) and, on October 21, 2022, filed a motion for preliminary injunction (ECF No. 13), asking this Court to enjoin the enforcement of AB 2571 during the pendency of this action. Defendants opposed that motion (ECF No. 17).

On January 12, 2023, this Court issued the Order denying Plaintiffs' motion for preliminary injunction (ECF No. 23). On February 10, 2023, Plaintiffs timely appealed the Order to the Ninth Circuit (ECF No. 25). That appeal is currently pending.

The Parties jointly request that this Court issue a stay of proceedings pending Plaintiffs' appeal of the Order. When a party appeals a preliminary injunction, the district court has discretion to issue a stay of proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). A court must consider several factors when deciding whether to exercise that discretion to issue a stay: 1) the "possible damage which might result from granting a stay," 2) the "hardship or inequity which a party might suffer in being required to go forward," and 3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Moreover, "[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in

that appeal." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001).

    Good causes exists here for a stay. Because of the scope of Plaintiffs' motion for preliminary injunction and the Order, Plaintiffs' appeal has divested this court of jurisdiction over most if not all substantive matters at issue in this litigation. To the extent any jurisdiction remains in this Court, the relevant factors also favor a stay. Neither party would be damaged by a stay—to the contrary, a stay would benefit both parties by sparing them the potentially unnecessary expense and time of contemporaneous litigation in this Court and the Court of Appeals. A stay of the proceedings would also promote the orderly course of justice by permitting the Ninth Circuit to simplify the issues in this case before proceedings resume in this Court.

    For these reasons, the Parties respectfully ask the Court to enter the concurrently filed [Proposed] Order and thereby stay proceedings in this Court pending Plaintiffs' appeal of the Order.

[Signatures on Next Page]

| | |
|---|---|
| Dated: April 26, 2023 | Respectfully submitted,<br><br>SNELL & WILMER L.L.P.<br><br>By: _/s/ Cameron Schlagel_<br>Michael B. Reynolds<br>Collin R. Higgins<br>Cameron J. Schlagel<br>Attorneys for Plaintiffs |
| Dated: April 26, 2023 | ROB BONTA<br>Attorney General of California<br>ANTHONY R. HAKL<br>Supervising Deputy Attorney General<br><br>By: /s/ Gabrielle D. Boutin (auth on 4/26)<br>Gabrielle D. Boutin<br>Deputy Attorney General<br>Attorneys for Defendant Attorney General Rob Bonta, in his official capacity |