UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, et al., | No. 2:22-cv-01395-DAD-JDP |
| Plaintiffs, | |
| v. | ORDER GRANTING THE PARTIES' JOINT MOTION FOR A STAY OF PROCEEDINGS |
| ROB BONTA, in his official capacity as Attorney General of the State of California, | (Doc. No. 28) |
| Defendant. | |

This matter is before the court on a joint motion to stay these proceedings pending the appeal of this court's order denying plaintiffs' motion for a preliminary injunction. (Doc. No. 28.) On January 12, 2023, this court issued an order denying plaintiffs' motion for a preliminary injunction. (Doc. No. 23.) On February 10, 2023, plaintiffs timely filed an appeal of this court's order to the Ninth Circuit. (Doc. No. 25.) That appeal is currently pending.

The court finds that there is good cause to stay these proceedings because its order denying plaintiffs' motion for a preliminary injunction—and now the appeal of that order—contained all of the substantive legal issues in dispute in this litigation. This court no longer has jurisdiction of those legal issues upon the filing of plaintiffs' notice of appeal. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular

issues involved in that appeal."). Because this case primarily involves questions of law that are pending on appeal, a stay of the proceedings until those questions are resolved will conserve judicial and party resources. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (when deciding whether to grant a stay, a court must consider factors such as "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay"). Because no party objects to the entry of a stay and in fact jointly so move, no prejudice or harm from the granting of a stay is apparent on the record. Thus, the court will grant the parties' joint motion to stay this action.

Accordingly,

1. The parties' joint motion to stay this action (Doc. No. 28) is granted as follows:

    a. This case is stayed in its entirety and any currently pending case management dates and briefing deadlines are hereby vacated; and

    b. The parties shall file a joint status report within twenty-one (21) days after the Court of the Appeals for the Ninth Circuit issues its mandate, which must report the parties' proposals on how to proceed in light of the Ninth Circuit's ruling.

IT IS SO ORDERED.

Dated:  **May 16, 2023**

UNITED STATES DISTRICT JUDGE