1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  ANTHONY R. HAKL, State Bar No. 197335
   Supervising Deputy Attorney General
3  GABRIELLE D. BOUTIN, State Bar No. 267308
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone:  (916) 210-6053
6   Fax:  (916) 324-8835
    E-mail:  Gabrielle.Boutin@doj.ca.gov
7  *Attorneys for Defendant Attorney General
   Rob Bonta, in his official capacity*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SAFARI CLUB INTERNATIONAL, et al.,** | 2:22-cv-01395-DAD-JDP |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER CLARIFYING THE PRELIMINARY INJUNCTION** |
| v. | |
| **ROB BONTA, in his official capacity as Attorney General of the State of California, et al.,** | Date: July 2, 2024<br>Time: 1:30 p.m.<br>Dept: 4 (Hearing Via Zoom)<br>Judge:      Hon. Dale A. Drozd |
| Defendants. | Trial Date:   None set<br>Action Filed:  August 5, 2022 |

# TABLE OF CONTENTS

**Page**

Introduction ............................................................................................................................. 1

Background ............................................................................................................................. 1

    I.    California Business and Professions Code Section 22949.80 ................................ 1

    II.   Procedural and Factual Background ..................................................................... 2

Argument ................................................................................................................................ 3

Conclusion .............................................................................................................................. 6

i

Mem. of Pts. & Auth. ISO Motion for an Order Clarifying Preliminary Injunction (2:22-cv-01395-DAD-JDP)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alto v. Black*
738 F.3d 1111 (9th Cir. 2013) ............................................................................................. 3

*Armstrong v. Brown*
768 F.3d 975 (9th Cir. 2014) ............................................................................................... 3

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*
321 F.3d 878 (9th Cir. 2003) ............................................................................................... 3

*F.V. v. Jeppesen*
477 F. Supp. 3d 1144 (D. Idaho 2020) ................................................................................ 3

*Junior Sports Mags. Inc. v. Bonta*
80 F.4th 1109 (9th Cir. 2023) .................................................................................... 2, 4, 5, 6

*Junior Sports Mags. Inc. v. Bonta*
No. 2:22-cv-04663-CAS, 2022 WL 14365026 (C.D. Cal. Oct. 24, 2022) ........................... 4

*Sacramento Homeless Union v. Cnty. of Sacramento*
617 F. Supp. 3d 1179 (E.D. Cal. 2022) ............................................................................... 3

*Safari Club Int'l v. Bonta*
No. 23-15199, 2023 WL 6178500 (9th Cir. Sept. 22, 2023) ............................................ 2, 5

*Sam Francis Found. v. Christies, Inc.*
784 F.3d 1320 (9th Cir. 2015) ............................................................................................. 5

*Santa Barbara Sch. Dist. v. Superior Court*
13 Cal.3d 315 (1975) .......................................................................................................... 5

*Vivid Ent., LLC v. Fielding*
774 F.3d 566 (9th Cir. 2014) ............................................................................................... 5

**STATUTES**

Cal. Bus. & Prof. Code
§ 22949.80(a) .............................................................................................................. *passim*
§ 22949.80(a)(1) .............................................................................................................. 2, 6
§ 22940.80(b) ...................................................................................................................... 2
§ 22949.80(f) .................................................................................................................... 2, 5

ii

Mem. of Pts. & Auth. ISO Motion for an Order Clarifying Preliminary Injunction (2:22-cv-01395-DAD-JDP)

**INTRODUCTION**

Defendant Attorney General Rob Bonta respectfully asks the Court for an order clarifying that its April 12, 2024 Order Granting Plaintiffs' Motion for a Preliminary Injunction ("April 12 Order"), ECF No. 33, enjoins the enforcement only of *subdivision (a)* of California Business and Professions Code section 22949.80.

Throughout this litigation the only state regulation that Plaintiffs have challenged, and that any court has considered, is section 22949.80, subdivision (a). That is the relevant provision that concerns advertising firearm-related products to minors. Since Plaintiffs' original complaint, the parties and courts have referred to that provision as "section 22949.80" for short, but that does not change what has been at issue in this case: the requirements set forth in subdivision (a) of section 22949.80 only.

Section 22949.80 includes one other substantive provision. Specifically, subdivision (b) is a privacy provision—as opposed to an advertising one—that imposes requirements relating to the use and dissemination of minors' personal information. However, Plaintiffs have never challenged subdivision (b), and no court has considered the validity of subdivision (b). Moreover, the provisions of section 22949.80 are presumptively severable, and at no time have Plaintiffs rebutted that presumption.

For these reasons, any preliminary injunction should be limited to the enforcement only of the advertising provision that has been at issue in this case. Because the April 12 Order refers to "section 22949.80," however, Defendant ask the Court to issue an order clarifying that the preliminary injunction applies only to section 22949.80, subdivision (a).

**BACKGROUND**

**I.   CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 22949.80**

Section 22949.80 contains two separate subdivisions that regulate speech or conduct. Subdivision (a) is the subdivision Plaintiffs challenge in this action. It states: "A firearm industry member shall not advertise, market, or arrange for placement of an advertising or marketing communication offering or promoting any firearm-related product in a manner that is designed,

1

Mem. of Pts. & Auth. ISO Motion for an Order Clarifying Preliminary Injunction (2:22-cv-01395-DAD-JDP)

intended, or reasonably appears to be attractive to minors." Cal. Bus. & Prof. Code § 22949.80(a)(1).

Subdivision (b) of section 22949.80, meanwhile, does not purport to regulate any advertising or similar types of communications. *Id.* § 22940.80(b). Rather, it limits the use and dissemination of the personal information of minors. *Id.* Subdivision (b) states:

> "A firearm industry member publishing material directed to minors in this state or who has actual knowledge that a minor in this state is using or receiving its material, shall not knowingly use, disclose, compile, or allow a third party to use, disclose, or compile, the personal information of that minor with actual knowledge that the use, disclosure, or compilation is for the purpose of marketing or advertising to that minor any firearm-related product."

*Id.*

Section 22949.80 also includes an express severability provision. *Id.* § 22949.80 (f).

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs' filed an initial Complaint in this action, followed by the operative First Amended Complaint ("FAC"). ECF Nos. 1, 12. They filed a preliminary injunction on October 21, 2022. ECF No. 13. This Court issued an Order Denying Plaintiffs' Preliminary Injunction, in which the Court denied Plaintiffs' motion in full. ECF No. 23. Plaintiffs appealed that Order to the Ninth Circuit Court of Appeals.

The Ninth Circuit ruled on Plaintiffs' appeal in a short Memorandum. *Safari Club Int'l v. Bonta*, No. 23-15199, 2023 WL 6178500, at *1 (9th Cir. Sept. 22, 2023). The Memorandum stated, "[f]or the reasons outlined in *Junior Sports Magazines v. Bonta*, No. 22-56090 (9th Cir. Sept. 13, 2023), we reverse the denial of preliminary injunction and remand for further proceedings consistent with that opinion." *Id.* at *1. In the *Junior Sports* opinion, the Ninth Circuit had similarly reversed the district court's denial of the plaintiffs' motion for preliminary injunction and remanded for further proceedings consistent with the opinion. *Junior Sports Mags. Inc. v. Bonta* ("*Junior Sports*"), 80 F.4th 1109, 1121 (9th Cir. 2023).

On March 20, 2024, the parties submitted to this Court a Joint Status Report. ECF No. 32. In the Status Report, Plaintiffs asked the Court to issue a preliminary injunction "consistent with

2

Mem. of Pts. & Auth. ISO Motion for an Order Clarifying Preliminary Injunction (2:22-cv-01395-DAD-JDP)

the Ninth Circuit's opinion and judgment." *Id.* at 2. Defendant took no position on that request. *Id.*

In early April 2024, Plaintiffs informed Defendant that, since no preliminary injunction had issued, they planned to file a new motion for preliminary injunction. Declaration of Gabrielle Boutin, Ex. A at ¶ 4. Defendant informed Plaintiffs that he would not oppose the motion, but only if the motion requested "an injunction consistent with the substance and scope of the Ninth Circuit's ruling." *Id.* Defendants specifically explained, "[f]or example, we assume you will request an injunction only of subsection (a) of Business & Professions Code section 22949.80, since that is the only restriction on speech that the 9th Circuit addressed in its opinion [in *Junior Sports*]." *Id.*

On April 12, 2024, before Plaintiffs filed a new motion for preliminary injunction, however, this Court issued an Order Granting Plaintiffs' Motion for a Preliminary Injunction. ECF No. 33. The Order states that the Attorney General and certain related persons are enjoined from enforcing "California Business & Professions Code § 22949.80." *Id.* at 2.

The parties appear to disagree on whether this injunction was intended to enjoin only the challenged advertising provision in subdivision (a), or both the advertising provision in subdivision (a) and the privacy provision in subdivision (b). *See* Boutin Dec. at ¶ 6. Plaintiffs have declined to stipulate to this request for an order clarifying that the preliminary injunction applies only to subdivision (a). *Id.* They have stated that they intend to oppose this motion.

## ARGUMENT

A district court may issue an order clarifying an injunction. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003); *Alto v. Black*, 738 F.3d 1111, 1121-22 (9th Cir. 2013); *F.V. v. Jeppesen*, 477 F. Supp. 3d 1144, 1148 (D. Idaho 2020) ("A district court has discretion to clarify the scope of an injunction" (quoting *Smagin v. Yegiazaryan*, No. 2:14-CV-09764-RGK-PLA, 2020 WL 1652347, at *3 (C.D. Cal. April 1, 2020))).[1]

---

[1] "Moreover, a district court may *sua sponte* order or modify injunctive relief." *Armstrong v. Brown*, 768 F.3d 975, 980 (9th Cir. 2014); *accord Sacramento Homeless Union v. Cnty. of Sacramento*, 617 F. Supp. 3d 1179, 1199 (E.D. Cal. 2022).

3

Mem. of Pts. & Auth. ISO Motion for an Order Clarifying Preliminary Injunction (2:22-cv-01395-DAD-JDP)

Here, Defendant asks the Court to issue an order clarifying that the April 12 Order enjoins the enforcement only of subdivision (a) of section 22949.80, and not subdivision (b).

Subdivision (a) is the only provision of section 22949.80 that Plaintiffs have challenged in this action; Plaintiffs have not established that they are entitled to a preliminary injunction enjoining the enforcement of any other provision, including subdivision (b).[2] Plaintiffs' initial Complaint and operative FAC allege only that the advertising provision in subdivision (a) is unconstitutional. *See* Complaint, ECF No. 1; FAC, ECF No. 12.[3] Likewise, in Plaintiffs' original motion for preliminary injunction and their appeal, they sought to enjoin enforcement only of subdivision (a). *See* ECF No. 13. Accordingly, this Court's order denying that motion and the Ninth Circuit's decision in *Junior Sports*[4] considered only whether the requirements of subdivision (a) are constitutional and otherwise subject to a preliminary injunction. ECF No. 23; *Junior Sports*, 80 F.4th 1109. Neither Plaintiffs' briefs, this Court's order, nor the *Junior Sports*

---

[2] Plaintiffs' claims include that certain terms in subdivision (a) are unconstitutionally vague due to their definitions in subdivision (c) of the statute. *See* FAC, ECF. No. 12, at 41-43. This amounts to a challenge to the substantive requirements of subdivision (a).

[3] The Complaint and FAC each contain only one reference to subdivision (b) or its requirements, when they briefly summarize the provision in the context of Plaintiff's description of the statute. Complaint, ECF No. 1, at 17; FAC, ECF No. 12, at 48.

[4] Just as here, until recently, the plaintiffs in *Junior Sports* have only alleged, argued for, and supported a preliminary injunction as to the advertising restrictions in subdivision (a). *See Junior Sports Mags. Inc. v. Bonta* at 6, n.3, No. 2:22-cv-04663-CAS (JCx), 2022 WL 14365026 (C.D. Cal. Oct. 24, 2022), rev'd and remanded, 80 F.4th 1109 (9th Cir. 2023) (specifically recognizing that subdivision (b) of section 22949.80 had not been "challenged by plaintiffs in their complaint or briefing on this motion"). *See also* Complaint for Injunctive and Declaratory Relief, ECF No. 1, *Junior Sports Mags. Inc. v. Bonta*, No. 2:22-cv-04663-CAS (JCx) (C.D. Cal. Jul. 8, 2022); Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary Injunction, ECF No. 12-1, *Junior Sports Mags. Inc. v. Bonta*, No. 2:22-cv-04663-CAS (JCx) (C.D. Cal. Jul. 10, 2022); Reply to Defendant's Opposition to Plaintiffs' Motion for Preliminary Injunction, ECF No. 21, *Junior Sports Mags. Inc. v. Bonta*, No. 2:22-cv-04663-CAS (JCx) (C.D. Cal. Aug. 15, 2022); *Junior Sports Mags. Inc. v. Bonta*, No. 2:22-cv-04663-CAS (JCx), 2022 WL 14365026 (C.D. Cal. Oct. 24, 2022), *rev'd and remanded*, 80 F.4th 1109 (9th Cir. 2023); Appellants' Opening Brief, Dkt. 7, *Junior Sports*, 80 F.4th 1109 (9th Cir. Dec. 19, 2022) (No. 22-56090), 2022 WL 17980278; Appellants' Reply Brief, Dkt. 25, *Junior Sports*, 80 F.4th 1109 (9th Cir. Feb. 17, 2023) (No. 22-56090), 2023 WL 2226847. *See also Junior Sports*, 80 F.4th 1109, 1121 (9th Cir. 2023). Like here, only after remand do the *Junior Sports* plaintiffs now seek a preliminary injunction that encompasses subdivision (b). *See* Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Enforce the Mandate and Issue Preliminary Injunction, ECF No. 59-1, *Junior Sports Mags. Inc. v. Bonta*, No. 2:22-cv-04663-CAS (JCx) (C.D. Cal. May 2, 2024).

4

Mem. of Pts. & Auth. ISO Motion for an Order Clarifying Preliminary Injunction (2:22-cv-01395-DAD-JDP)

ruling mentions subdivision (b) or its limitations on the use and dissemination of minors' personal information.[5] ECF Nos. 13, 18, 23; Appellants' Opening Brief, , Dkt. 7-1, *Safari Club Int'l v. Bonta*, No. 23-15199 (9th Cir. Mar. 10, 2023); Appellants' Reply Brief, Dkt. 21, *Safari Club Int'l v. Bonta*, No. 23-15199 (9th Cir. April 28, 2023); *Junior Sports*, 80 F.4th 1109.

In sum, Plaintiffs has never alleged or shown, and no court has ruled, that subdivision (b) is likely unconstitutional or otherwise properly subject to preliminary injunctive relief.

Subdivision (b) is also not subject to a preliminary injunction merely because it resides alongside subdivision (a) in section 22949.80. The statute contains a severability clause. Cal. Bus. & Prof. Code § 22949.80(f). This clause renders subdivision (a) presumptively severable. *See Sam Francis Found. v. Christies, Inc.*, 784 F.3d 1320, 1325 (9th Cir. 2015) ("Severability is . . . a matter of state law" (ellipsis in original)); *Vivid Ent., LLC v. Fielding*, 774 F.3d 566, 574 (9th Cir. 2014) ("California law directs courts to consider first the inclusion of a severability clause in the legislation . . . 'The presence of such a clause establishes a presumption in favor of severance" (citing and quoting *Cal. Redev. Ass'n v. Matosantos*, 53 Cal.4th 231, 270 (2011)). Although this is a rebuttable presumption, Plaintiffs have never met their burden to rebut the presumption. *See Santa Barbara Sch. Dist. v. Superior Court*, 13 Cal.3d 315, 331 (1975) ("Although not conclusive, a severability clause normally calls for sustaining the valid part of the enactment").

It is true that, previously in this action, the parties and courts have generally referred to "section 22949.80" as a shorthand for subdivision (a). Plaintiffs initiated this trend in its Complaint and FAC through its definition of the challenged provision. *See* FAC, ECF No. 12, at 2 ("Through this Complaint, Plaintiffs seek to have declared and adjudged unconstitutional, and to enjoin the enforcement of, California Business & Professions Code section 22949.80 ("Section 22949.80"), which prohibits 'firearm industry members,' like Plaintiffs, from advertising or marketing any firearm-related product in a manner that is "designed, intended, or reasonably

---

[5] Although the Table of Authorities in Plaintiffs' Ninth Circuit Reply Brief states that subdivision (b) of section 22949.80 appears on pages 17 and 27 of the brief, the provision does not actually appear on those or any other pages in the body of the brief. *See* Appellants' Reply Brief at v, 17, 27, Dkt. 21, *Safari Club Int'l v. Bonta,* No. 23-15199 (9th Cir. April 28, 2023).

5

Mem. of Pts. & Auth. ISO Motion for an Order Clarifying Preliminary Injunction (2:22-cv-01395-DAD-JDP)

appears to be attractive to minors.' Cal. Bus. & Prof. Code § 22949.80(a)(1)"); *see also* Complaint, ECF No. 1, at 2. Defendant, this Court, and the Ninth Circuit merely followed suit. *See* Order Denying Plaintiffs' Preliminary Injunction, ECF No. 23 at 2-3; *Junior Sports*, 80 F.4th at 1114. In any event, this technicality does not alter the substance of what Plaintiffs are entitled to, or what this Court and the Ninth Circuit have ruled, with respect to a preliminary injunction.

For all of these reasons, it should be clarified that this Court intended only to preliminarily enjoin subdivision (a) of section 22949.80 in the April 12 Order.

## CONCLUSION

Defendant respectfully asks the Court to issue an order clarifying that the April 12 Order enjoins the enforcement only of subdivision (a) of California Business and Professions Code section 22949.80.

Dated: May 15, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

*/s/ Gabrielle D. Boutin*
GABRIELLE D. BOUTIN
Deputy Attorney General
*Attorneys for Defendant Attorney General Rob Bonta, in his official capacity*

6

Mem. of Pts. & Auth. ISO Motion for an Order Clarifying Preliminary Injunction (2:22-cv-01395-DAD-JDP)

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Safari Club International v. Bonta** | No. | **2:22-cv-01395-DAD-JDP** |

I hereby certify that on <u>May 15, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER CLARIFYING THE PRELIMINARY INJUNCTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>May 15, 2024</u>, at Los Angeles, California.

| | |
|---|---|
| Dora Mora | *Dora Mora* |
| Declarant | Signature |

SA2022303468
66794737.docx