1 | Michael B. Reynolds, Bar No. 174534
mreynolds@swlaw.com
2 | Colin R. Higgins, Bar No. 268364
chiggins@swlaw.com
3 | Cameron J. Schlagel, Bar No. 320732
cschlagel@swlaw.com
4 | SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
5 | Costa Mesa, California 92626-7689
Telephone: (714) 427-7000
6 | Facsimile: (714) 427-7799

7 | *Attorneys for Plaintiffs*

8

9 | **UNITED STATES DISTRICT COURT**

10 | **EASTERN DISTRICT OF CALIFORNIA**

11

12 | THE UNITED STATES SPORTSMEN'S
ALLIANCE FOUNDATION, an Ohio
13 | nonprofit corporation; SAFARI CLUB
INTERNATIONAL, an Arizona nonprofit
14 | corporation; and CONGRESSIONAL
SPORTSMEN'S FOUNDATION, a
15 | Washington, D.C. nonprofit corporation,

16 |                        Plaintiffs,

17 |         v.

18 | ROB BONTA, in his official capacity as
Attorney General of the State of California;
19 | and DOES 1-25, inclusive,

20 |                        Defendants.

Case No. 2:22-cv-01395- DAD-JDP

**Plaintiffs' Notice of Opposition and Opposition to Defendant's Motion for an Order Clarifying the Preliminary Injunction; Supporting Memorandum of Points and Authorities; Declaration of Cameron J. Schlagel**

Hearing Information

Date:     July 2, 2024
Time:     1:30 p.m.
Ctrm:     Via Zoom

*Side text:* SNELL & WILMER L.L.P. LAW OFFICES 600 ANTON BLVD, SUITE 1400 COSTA MESA, CALIFORNIA 92626-7689

21

22

23

24

25

26

27

28

1    **PLEASE TAKE NOTICE** that Plaintiffs The United States Sportsmen's Alliance

2    Foundation, Safari Club International, and Congressional Sportsmen's Foundation

3    (collectively, "Plaintiffs") hereby oppose Defendant Attorney General Rob Bonta's

4    Motion for an Order Clarifying the Preliminary Injunction (the "Motion").[1]  This

5    Opposition is based on this Notice, the attached Memorandum of Points and Authorities,

6    the attached Declaration of Cameron J. Schlagel, the papers and pleadings from this case

7    on file with the Court, all other matters of which this Court may take judicial notice, any

8    further evidence or argument offered to the Court at any hearing on this Motion, and any

9    other matters that the Court may consider.

10

11   Dated: May 29, 2024                         Respectfully submitted,

12                                                SNELL & WILMER LLP

13

14                                     By:   _____

15                                             Michael B. Reynolds
                                               Colin R. Higgins
16                                             Cameron J. Schlagel
                                               Attorneys for Plaintiffs
17

18

19

20

21

22

23

24

25

26

27   _____
     [1] All citations to the "Motion" herein refer to the State's Memorandum of Points and
28   Authorities in Support of Motion for an Order Clarifying the Preliminary Injunction [ECF
     No. 35].

                                          - 2 -                          (22-cv-01395)

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................6

I.    INTRODUCTION ..................................................................................................6

II.   BACKGROUND ....................................................................................................7

      A.    California Business and Professions Code section 22949.80. ....................7

      B.    Procedural History. ....................................................................................7

            1.    Prior Proceedings in this Court. .....................................................7

            2.    Plaintiffs Appeal Successfully to the Ninth Circuit. .....................8

            3.    Post-Remand Proceedings. ...........................................................10

III.  ARGUMENT .......................................................................................................11

      A.    The State Waived its Argument and Should be Estopped from
            Arguing that Section 22949.80 Should Not be Enjoined in Its
            Entirety. ...................................................................................................11

      B.    Section 22949.80 Must Be Enjoined in Its Entirety. ...............................13

      C.    Subdivision (b) Unconstitutionally Regulates Protected Commercial
            Speech. .....................................................................................................14

            1.    Subdivision (b) Regulates Commercial Speech. ...........................14

            2.    Applying *Junior Sports Magazines*, Subdivision (b) Fails
                  Under *Central Hudson*. ..............................................................16

      D.    Subdivision (a) of Section 22949.80 is not Severable. ...........................17

IV.   CONCLUSION ....................................................................................................18

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Opposition to Motion for an Order Clarifying the Preliminary Injunction

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boelter v. Advance Mag. Publishers Inc.*,
  210 F. Supp. 3d 579 (S.D.N.Y. 2016) ................................................................. 15, 16

*Jenkins v. Cty. of Riverside*,
  398 F.3d 1093 (9th Cir. 2005) ................................................................................ 11

*Jr. Sports Mags. Inc. v. Bonta*,
  80 F.4th 1109 (9th Cir. 2023) .........................................................................*passim*

*Los Angeles Police Dep't v. United Reporting Pub. Corp.*,
  528 U.S. 32 (1999) .................................................................................................. 15

*Quern v. Jordan*,
  440 U.S. 332 (1979) ................................................................................................ 16

*Safari Club Int'l v. Bonta*,
  No. 23-15199, 2023 WL 6178500 (9th Cir. Sept. 22, 2023) ............................... 6, 8

*Shakur v. Schriro*,
  514 F.3d 878 (9th Cir. 2008) .................................................................................. 11

*Thomas v. Bible*,
  983 F.2d 152 (9th Cir. 1993) .................................................................................. 16

*Trans Union Corp. v. F.T.C.*,
  267 F.3d 1138 (D.C. Cir. 2001) ............................................................................. 15

*U.S. W., Inc. v. F.C.C.*,
  182 F.3d 1224 (10th Cir. 1999) .............................................................................. 15

*United Reporting Pub. Corp. v. California Highway Patrol*,
  146 F.3d 1133 (9th Cir. 1998) ........................................................................... 15, 16

*United States v. Thrasher*,
  483 F.3d 977 (9th Cir. 2007) .................................................................................. 17

**Statutes**

Bus. & Prof. Code § 22949.80 ......................................................................*passim*

Bus. & Prof. Code § 22949.80(a)(1) .......................................................................... 7

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page(s)**

3

Bus. & Prof. Code § 22949.80(b)..........................................................................7, 14, 15

4

Bus. & Prof. Code § 22949.80(c) .................................................................................. 7

5

Cal. Stats., Ch. 77, § 1 ............................................................................................... 13

6

Cal. Stats., Ch. 77, § 1(b)........................................................................................... 15

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Opposition to Motion for an Order Clarifying the Preliminary Injunction

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Ninth Circuit in *Jr. Sports Mags. Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023)[2] held that Section 22949.80 of the California Business and Professions Code, in its entirety, likely violates the First Amendment. Now, in a misguided attempt to salvage its unconstitutional statute, the State argues for the first time that all prior references to "Section 22949.80" by the parties, this Court, and the Ninth Circuit did not mean the entire statute, but rather only subdivision (a). That argument fails for at least five independent reasons.

1. The State waived the argument that only subdivision (a) should be enjoined, because it failed to raise this issue in prior proceedings in this Court or the Ninth Circuit.

2. The State is estopped because its argument contradicts its Petition for Rehearing En Banc, where California admitted that Plaintiffs sought to enjoin "Section 22949.80 *in its entirety*."[3]

3. The injunction against enforcement of Section 22949.80, in its entirety, is wholly consistent with and, in fact, compelled by *Junior Sports Magazines* and the final Mandate.

4. Subdivision (b) of Section 22949.80 regulates commercial speech and suffers the same constitutional infirmities as subdivision (a), which the State concedes is properly enjoined.

5. The State waived its argument that subdivision (a) of Section 22949.80 is severable. Further, a finding on severability is inappropriate at this stage.

---

[2] Plaintiffs' appeal was consolidated with the related appeal in *Jr. Sports Mags. Inc. v. Bonta*, No. 22-56090. The panel's opinion in the instant case adopts the published opinion in *Jr. Sports Mags. Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023). *Safari Club Int'l v. Bonta*, No. 23-15199, 2023 WL 6178500 (9th Cir. Sept. 22, 2023).

[3] Pet. Reh'g En Banc, Case No. 23-15199, Dkt. No. 32, at 7 (emphasis added).

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Accordingly, the only "clarification" that is necessary or appropriate is to deny the State's Motion and confirm that the preliminary injunction applies to the entire statute.

## II.

## BACKGROUND

**A.   California Business and Professions Code section 22949.80.**

On June 30, 2022, "to further restrict the marketing and advertising of firearms to minors," California enacted Section 22949.80 of the Business and Professions Code. To that end, the statute makes it unlawful for any "firearm industry member" to "advertise, market, or arrange for placement of an advertising or marketing communication offering or promoting any firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors." Cal. Bus. & Prof. Code § 22949.80(a)(1).

Section 22949.80 additionally prohibits "firearm industry member[s]" from using, disclosing, or compiling, or allowing a third-party to do so, the personal information of any minor in California for the "purpose of marketing or advertising to that minor any firearm-related product." *Id.* § 22949.80(b). The statute also defines specific terms that are necessary to understand the scope of its application and prohibitions. *Id.* § 22949.80(c).

**B.   Procedural History.**

1.   Prior Proceedings in this Court.

Plaintiffs commenced this action on August 5, 2022, and filed the operative First Amended Complaint on October 18, 2022, which the State answered on November 1, 2022.[4] Plaintiffs filed their Motion for Preliminary Injunction on October 21, 2022.[5] In that motion, Plaintiffs argued, *inter alia*, that "Section 22949.80" violates the First

---

[4] Pls.' Compl. [ECF No. 1]; Pls.' First Am. Compl. [ECF No. 12]; Def.'s Ans. [ECF No. 16].

[5] Pls.' Mot. for Prelim. Inj. [ECF No. 13]; *see also* Def.'s Opp'n [ECF No. 17]; Pls.' Reply [ECF No. 18].

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   Amendment and requested that the Court enjoin "enforcement of Section 22949.80" in its

2   entirety.[6] Plaintiffs did not restrict their request for relief to subdivision (a). Likewise, the

3   Proposed Order Plaintiffs submitted included the finding that "California Business &

4   Professions Code section 22949.80" violates the First Amendment and ordered that

5   enforcement of the entire statute be enjoined.[7] In response, the State did not argue that

6   *only* subdivision (a) of Section 22949.80 was at issue, nor did it object to the proposed

7   order.[8] This Court held a hearing on the Original Motion on December 20, 2022, and

8   entered the Order denying the Original Motion on January 12, 2023.[9]

9

10              2.     Plaintiffs Appeal Successfully to the Ninth Circuit.

11          Applying commercial speech scrutiny under *Central Hudson*, a panel of the Ninth

12   Circuit reversed. *Jr. Sports Mags.*, 80 F.4th at 1113, 1121; *see also Safari Club Int'l v.*

13   *Bonta*, No. 23-15199, 2023 WL 6178500 at *1 (9th Cir. Sept. 22, 2023). The court held

14   that "California's advertising ban likely imposes an unconstitutional burden on protected

15   speech," because the State failed to show "that broadly prohibiting certain truthful

16   firearm-related advertising is sufficiently tailored to significantly advance the state's goals

17   of preventing gun violence and unlawful firearm possession among minors." *Jr. Sports*

18   *Mags.*, 80 F.4th at 1116.

19          *First*, the panel determined that "Section 22949.80 regulates speech that is not

20   misleading and that concerns lawful activity." *Id.* In particular, the court recognized

21   Section 22949.80 "does not apply only to speech soliciting minors to purchase or use

22   firearms unlawfully," but also encompasses speech about lawful activity. *Id.* at 1116–17.

23          *Second*, the panel concluded the statute does not directly and materially advance

24   California's interests in "(1) preventing unlawful posession of firearms by minors and (2)

25   _____

26   [6] *See* ECF No. 13 at 10:13–24 & 34:18–19.

27   [7] ECF No. 13-3 at 2:1–14.

    [8] *See generally* ECF No. 17.

28   [9] *See* Order at 12–13.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

protecting its citizens from gun violence and intimidation." *Id.* at 1117. At the outset, the court emphasized the "obvious" rule that "a state may not restrict protected speech to prevent something that does not appear to occur." *Id.* "Yet here—despite enacting a bill whose statement of purpose asserts that '[f]irearms marketing contributes to the unlawful sale of firearms to minors'—the state admitted at oral argument that it is unaware of a single instance in which a minor unlawfully bought a firearm in California (presumably because a minor would not pass background check and other requirements)." *Id.*

The court likewise rejected California's argument that, because "firearm advertising generally creates demand for firearm-related products," simple "common sense" was enough to justify the restraint on speech. *Id.* at 1117–18. "Given that minors can use guns in California," the court reasoned, "'common sense' suggests the contrary: minors who unlawfully use guns for violence likely are not doing so because of, say, an advertisement about hunting rifles in *Junior Shooters* magazine." *Id.* at 1119. And California failed to provide any evidence "—or even an anecdote—that minors are unlawfully using firearms because of advertisements for guns by the firearm industry." *Id.* Instead, the State's argument that "its restriction on speech will significantly curb unlawful firearm use and gun violence among minors" was based on "a web of speculation—not facts or evidence." *Id.*

*Third*, the court held that even if Section 22949.80 "significantly slashes gun violence and unlawful use of firearms among minors, the law imposes an excessive burden on protected speech." *Id.* The court emphasized the statute is not "limited to speech encouraging minors to illegally buy firearms," "circumsribed to reach only speech depicting unlawful possession of firearms," or "narrowly focused on speech encouraging minors to engage in unlawful uses of firearms." *Id.* at 1120. Nor does it "target advertisements in contexts geared exclusively to minors." *Id.* "Instead, it applies to any firearm-product advertisement—no matter the audience," and, thus, "effectively

Opposition to Motion for an Order Clarifying the Preliminary Injunction

constitutes a blanket restriction on firearm-product advertising." *Id.* Such laws, the court observed, are "not constitutionally sound under any standard of review." *Id.*[10]

The State petitioned the Ninth Circuit for rehearing en banc, which the court denied on February 20, 2024.[11] The final Mandate issued on February 28, 2024.[12]

3.      Post-Remand Proceedings.

Following remand, the parties met and conferred regarding a case management plan and further proceedings.[13] On March 19, 2024, the State emailed Plaintiffs a draft Joint Status Report.[14] On March 20, 2024, Plaintiffs emailed the State a revised Joint Status Report and a draft "[Proposed] Order Granting Plaintiffs' Motion for Preliminary Injunction" and enjoining enforcement of Section 22949.80 in its entirety (the "Proposed Order").[15] The State requested additional revisions to the Joint Status Report, which Plaintiffs accepted, but the State did not object to the substance of (nor request any revisions to) Plaintiffs' Proposed Order.[16] Plaintiffs filed the Joint Status Report and Proposed Order on March 20, 2024, requesting that the Court "immediately enter a preliminary injunction consistent with the Ninth Circuit's opinion and judgment" in the form of the Proposed Order.[17]

---

[10] Judge VanDyke wrote separately to address the unresolved question "about whether viewpoint-discriminatory laws that regulate commercial speech are subject to strict scrutiny." *Jr. Sports Mags.*, 80 F.4th at 1121 (VanDyke, J., concurring).

[11] O. Denying Pet. for Rehearing, Case No. 23-15199, Dkt. No. 38.

[12] Mandate, Case No. 23-15199, Dkt. No. 39.

[13] Decl. of Cameron J. Schlagel ("Schlagel Decl."), ¶ 2 & Ex. 1.

[14] *Id.*, ¶ 3 & Ex. 1.

[15] *Id.*, ¶ 4.

[16] *Id.*, ¶ 5.

[17] Joint Status Rpt. [ECF No. 32] at 2:4–9; *see also* Decl. of Gabrielle Boutin in Supp. of Mot. [ECF No. 35-1] (the "Boutin Decl."), ¶ 2.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

On April 1, 2024, Plaintiffs informed the State that they intended to file a new motion for preliminary injunction because this Court had not yet entered an order.[18] The State responded on April 2, stating that it would not oppose that motion.[19] Then, on April 5, the State backpedaled, contending for the first time that the injunction should enjoin only subdivision (a) of Section 22949.80.[20] On April 12, 2024, before Plaintiffs filed a new motion for preliminary injunction, this Court entered the Order Granting Plaintiffs' Motion for Preliminary Injunction,[21] which mirrored the Proposed Order.

## III.

## ARGUMENT

**A.  The State Waived its Argument and Should be Estopped from Arguing that Section 22949.80 Should Not be Enjoined in Its Entirety.**

It is well-established that when a party fails to raise an argument in an opposition or response brief—even if the motion or opening brief does not reference the issue—the argument is deemed abandoned and waived. *See, e.g.*, *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (deeming argument not raised in opposition to motion for summary judgment abandoned, "even though [the] motion lacked any reference to the issue"); *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (similar).

Throughout these proceedings, the parties, this Court, and the Ninth Circuit consistently referred to "Section 22949.80" in its entirety. Yet, despite extensive briefing and argument, California never claimed that an injunction, if granted, should enjoin enforcement of only subdivision (a) of Section 22949.80.

---

[18] Boutin Decl., ¶ 4.

[19] *Id.*

[20] *See id.*

[21] O. Granting Pls.' Mot. Prelim. Inj. [ECF No. 33] (the "Preliminary Injunction").

- 11 -                                    (22-cv-01395)

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

To the contrary, the State acknowledged in its Petition for Rehearing En Banc that Plaintiffs "moved for a preliminary injunction against Section 22949.80 *in its entirety*."[22] That admission is fatal and should be dispositive of the Motion. The State should, in any event, be estopped from making this argument.

The State's revisionist history fails still in other respects. For starters, Plaintiffs never limited the relief they sought to subdivision (a).[23] The operative Complaint states unambiguously that Plaintiffs seek to enjoin enforcement of "California Business & Professions Code section 22949.80 ('<u>Section 22949.80</u>'),"[24] including subdivision (b),[25] on the grounds that "Section 22949.80 violates Plaintiffs' First Amendment rights to free speech because it prohibits nonmisleading commercial speech[.]"[26] Plaintiffs therefore request a "declaration that AB 2571, codified at California Business & Professions Code section 22949.80, as amended by AB 160, violates Plaintiffs' commercial speech rights under the First Amendment to the United States Constitution, on its face and as applied to Plaintiffs,"[27] and an injunction against enforcement of "AB 2571, codified at Business & Professions Code section 22949.80, as amended by AB 160[.]"[28]

Plaintiffs' Motion for Preliminary Injunction was consistent with the relief they request in their First Amended Complaint.[29] The Notice of Motion clearly states that Plaintiffs sought an injunction enjoining enforcement of "California Business & Professions Code section 22949.80 ('<u>Section 22949.80</u>')"[30]—not merely subdivision (a).

---

[22] Pet. Reh'g En Banc, Case No. 23-15199, Dkt. No. 32, at 7 (emphasis added).

[23] *Cf.* Mot. at 4:3–9.

[24] ECF No. 12, ¶ 2

[25] *Id.*, ¶ 58.

[26] *Id.*, ¶ 123.

[27] *Id.*, Prayer for Relief, ¶ 2.

[28] *Id.*, Prayer for Relief, ¶ 5.

[29] *Cf.* Mot. at 4:7–9 (claiming Plaintiffs' motion "sought to enjoin enforcement only of subdivision (a)").

[30] ECF 13 at 2:3–11; *see also id.* at 34:18–19 ("[P]laintiffs respectfully request that a preliminary injunction be entered enjoining enforcement of Section 22949.80.").

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    The State's newfound argument that the Preliminary Injunction should enjoin only

2    enforcement of subdivision (a) is a radical departure from its prior position. Despite

3    having ample opportunity to do so, the State failed to raise this argument to this Court or

4    the Ninth Circuit. Consequently, the argument must be deemed abandoned and waived.

5

6    **B.    Section 22949.80 Must Be Enjoined in Its Entirety.**

7    In holding "that [Section] 22949.80 is likely unconstitutional under the First

8    Amendment," the Ninth Circuit did not distinguish the statute's subdivisions. *See Jr.*

9    *Sports Mags.*, 80 F.4th at 1121. The court instead examined the purpose and effect of the

10   entire statute. *See, e.g.*, *id.* at 1116 ("Section 22949.80 regulates speech that is not

11   misleading and that concerns lawful activity"); *id.* at 1117 ("Section 22949.80 does not

12   directly and materially advance California's substantial interests"); *id.* at 1119 ("the

13   state hopes that § 22949.80's *restrictions* on truthful advertising will decrease demand for

14   guns" (emphasis added)); *id.* at 1120 ("In view of its apparent lack of any limiting

15   principles, § 22949.80 effectively constitutes a blanket restriction on firearm-product

16   advertising"). The court's focus on the statute as a whole makes sense because its

17   constituent restrictions are based on the same legislative justifications: "(1) preventing

18   unlawful possession of firearms by minors and (2) protecting its citizens from gun

19   violence and intimidation." *Id.* at 1117; *see also* 2022 Cal. Stats., Ch. 77, § 1 (A.B. 2571).

20   The State's argument to the contrary rests on an unduly narrow reading of *Junior*

21   *Sports Magazines* that cannot be squared with the court's reasoning. As the State

22   acknowledges, subdivisions (a) and (b) both regulate speech or conduct.[31] The Ninth

23   Circuit did not distinguish the two because the entire statute was designed to ban

24   advertising and subdivisions (a) and (b) naturally work in unison to achieve that purpose.

25

26

27

28   ―――――――――――
     [31] Mot. at 1:24–2:11.

**C.    Subdivision (b) Unconstitutionally Regulates Protected Commercial Speech.**

Even if, as the State contends, the Ninth Circuit did not mean what it plainly said—that "[Section] 22949.80 is likely unconstitutional under the First Amendment"—applying the panel's reasoning to subdivision (b) yields the same outcome.

Consistent with *Junior Sports Magazines*, Plaintiffs assume, but do not concede, that Section 22949.80 "regulates only commercial speech and that *Central Hudson's* intermediate scrutiny applies." 80 F.4th at 1115. At the first step of that analysis, there can be no question that the statute "facially regulates speech whose content concerns lawful activities and is not misleading." *Id.* at 1117. The only question, then, is whether subdivision (b) imposes an additional restriction on the same speech that California concedes is properly enjoined, i.e., firearm advertisements directed to minors.[32] It does, and *Junior Sports Magazines* is dispositive of the remaining First Amendment analysis.

1.    <u>Subdivision (b) Regulates Commercial Speech.</u>

Subdivision (b) plainly restricts commercial speech, purportedly in furtherance of the same state interests as the statue's other restrictions. Cal. Bus. & Prof. Code § 22949.80(b). The State's recharacterization of this regulation as a "privacy provision" that does not "regulate any advertising or similar types of communications" conflicts with the statute's plain text and the legislative history. The statute provides as follows:

> [A] firearm industry member *publishing material directed to minors* in this state or who has actual knowledge that a minor in this state is using or receiving its material, shall not knowingly use, disclose, compile, or allow a third party to use, disclose, or compile, the personal information of that minor with actual knowledge that the use, disclosure, or compilation *is for the purpose of marketing or advertising to that minor any firearm-related product.*

Cal. Bus. & Prof. Code § 22949.80(b) (emphasis added).

---

[32] *Cf.* Mot. at 4:1–2 ("Defendant asks the Court to issue an order clarifying that the April 12 Order enjoins the enforcement only of subdivision (a) of section 22949.80, and not subdivision (b).").

- 14 -                    (22-cv-01395)

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

"Effective speech has two components: a speaker and an audience. A restriction on either of these components is a restriction on speech." *U.S. W., Inc. v. F.C.C.*, 182 F.3d 1224, 1232 (10th Cir. 1999). Subdivision (b) bears all the indicia of a speech restriction. The statute facially regulates speech in the form of the "use" or "disclosure" of personal information "*for the purpose of marketing or advertising* to that minor any firearm-related product." Cal. Bus. & Prof. Code § 22949.80(b) (emphasis added). Further, the prohibition applies to a specific category of speakers—"firearm industry member[s]" who "publish material to minors"—and restricts those speakers from using or disclosing personal information "for the purpose of marketing or advertising *to that minor* any firearm-related product." *Id.* (emphasis added). In that manner, the statute effectively bans the same "marketing or advertising" speech that the Ninth Circuit determined is constitutionally protected. *See Jr. Sports Mags.*, 80 F.4th at 1113, 1121. That the ban is consistent with the statute's stated purpose underscores Plaintiffs' argument. *See* 2022 Cal. Stats., Ch. 77, § 1(b) (A.B. 2571) ("It is the intent of the Legislature in enacting this act to further restrict the marketing and advertising of firearms to minors.").

This conclusion is further supported by the decisions of other federal courts that laws regulating the use or disclosure of personal information for advertising purposes restrict commercial speech, and, thus, warrant *Central Hudson* scrutiny. *See, e.g.*, *United Reporting Pub. Corp. v. California Highway Patrol*, 146 F.3d 1133, 1136–37 & (9th Cir. 1998), *rev'd sub nom. on other grounds Los Angeles Police Dep't v. United Reporting Pub. Corp.*, 528 U.S. 32 (1999) (law prohibiting publishing service's use of arrestees' personal information for advertising purposes regulated commercial speech); *Trans Union Corp. v. F.T.C.*, 267 F.3d 1138, 1141–42 (D.C. Cir. 2001), *denying rehearing of* 245 F.3d 809 (invoking the commercial speech doctrine to analyze restriction on the use of consumer reports); *U.S. W.*, 182 F.3d at 1233 n.4 (internal business communications of customer information intended to facilitate marketing to individual customers categorized as commercial speech); *Boelter v. Advance Mag. Publishers Inc.*, 210 F. Supp. 3d 579,

- 15 -

597–98 (S.D.N.Y. 2016) (statute regulating the disclosure and sale of data for solicitation purposes regulated commercial speech).

Like the laws in those cases, subdivision (b) functions as a speech restriction, not a privacy provision. There is no dispute that the magazines Plaintiffs publish contain advertisements of "firearm-related product[s]," thus triggering subdivision (b). *See Jr. Sports Mags.*, 80 F.4th at 1113 (citing as an example of such advertising "an ad about hunting rifles in Junior Sports Magazines' *Junior Shooters*").[33] Therefore, for example, subdivision (b) prohibits Plaintiffs from maintaining a mailing list of youth subscribers, because Plaintiffs' "use" of that personal information would be, at least in part, for the "purpose of marketing or advertising to that minor" a firearm-related product. Likewise, subdivision (b) also prohibits Plaintiffs from disclosing personal information to third parties for commercial purposes. These are classic restrictions of commercial speech. *See United Reporting Pub. Corp.*, 146 F.3d at 1136–37; *Boelter*, 210 F. Supp. 3d at 597–98.

2.    Applying *Junior Sports Magazines*, Subdivision (b) Fails Under *Central Hudson*.

In reversing this Court's denial of Plaintiffs' Motion for Preliminary Injunction, the Ninth Circuit made all the necessary findings for a preliminary injunction as to the First Amendment speech issues. *See Jr. Sports Mags.*, 80 F.4th at 1117–21. Those findings are binding on this Court under the "Rule of Mandate" and law of the case doctrine. *Quern v. Jordan*, 440 U.S. 332, 347 n. 18 (1979) (rule of mandate requires that, on remand, the lower court's actions must be consistent with both the letter and the spirit of the higher court's decision); *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case").

---

[33] *See, e.g.*, Decl. of Evan Huesinkveld in Supp. of Pls' Mot. Prelim. Inj., Ex. 4 [ECF No. 13-12] (*Conservation Adventures*, the youth-oriented magazine that Plaintiff Sportsmen's Alliance publishes, which contains advertisements of firearm-related products).

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   Accordingly, because subdivision (b) restricts commercial speech based on the

2   same legislative purposes that the Ninth Circuit weighed and rejected, this Court is bound

3   by the Ninth Circuit's findings, which mandate the conclusion that subdivision (b) fails

4   scrutiny under *Central Hudson*.[34]

5

6   **D.      Subdivision (a) of Section 22949.80 is not Severable.**

7   The State has never before argued that subdivision (a) is severable. That argument

8   must therefore be deemed abandoned and waived. *See* Section III.A., *supra*. Even so, the

9   Court need not reach the issue of severability at this stage.

10   *First*, the State's severability argument presumes that subdivision (b) does not

11   restrict speech and is therefore not subject to the Ninth Circuit's mandate.[35] But as

12   discussed above, that assumption is wrong—subdivision (b) restricts commercial speech

13   and is unconstitutional for the same reasons as subdivision (a).

14   *Second*, the injunction is only preliminary, and the State is foreclosed from seeking

15   reconsideration of the Ninth Circuit's opinion on remand. *See United States v. Thrasher*,

16   483 F.3d 977, 981 (9th Cir. 2007) (discussing Rule of Mandate). If California wants to

17   seek a limitation or modification of the Preliminary Injunction, as mandated by the Ninth

18   Circuit, it must litigate this case to a full and final judgment.

19   In the event the Court is inclined to consider the issue of severability on the merits,

20   Plaintiffs respectfully request an opportunity to submit further briefing.

21

22

23

---

[34] Because *Junior Sports Magazines* is dispositive of the constitutionality of subdivision
(b) as a restriction of commercial speech, coupled with the fact that the Motion rests
solely on the unsupported assertion that subdivision (b) does not restrict speech, Plaintiffs
do not analyze the remaining *Central Hudson* factors here. However, if the State argues in
reply that *Junior Sports Magazines* is not dispositive, and if the Court is inclined to
consider that argument despite it not being raised in the Motion, Plaintiffs respectfully
request an opportunity to submit further briefing.

[35] *See id.* at 5:7–18 ("Subdivision (b) is also not subject to the preliminary injunction merely
because it resides alongside subdivision (a) in Section 22949.80.").

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

# IV.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the State's Motion. Any "clarification" should instead confirm the Ninth Circuit's opinion, i.e., that the entirety of Section 22949.80 is enjoined.

Dated:  May 29, 2024

Respectfully submitted,
SNELL & WILMER L.L.P.

By: _____
Michael B. Reynolds
Attorneys for Plaintiffs

4889-7239-8784

Opposition to Motion for an Order Clarifying the Preliminary Injunction