UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of the State of California, <br><br> Defendant. | No. 2:22-cv-01395-DAD-JDP <br><br> ORDER GRANTING DEFENDANT'S MOTION TO CLARIFY THE PRELIMINARY INJUNCTION <br><br> (Doc. No. 34) |

This matter came before the court on July 16, 2024 for a hearing on defendant's motion to clarify the preliminary injunction. (Doc. No. 34.) Attorneys Cameron Schlagel and Michael B. Reynolds appeared by video on behalf of plaintiffs Safari Club International, The United States Sportsmen's Alliance Foundation, and Congressional Sportsmen's Foundation. California Deputy Attorney General Gabrielle Downey Boutin appeared by video on behalf of defendant Rob Bonta. For the reasons explained below, the court will grant defendant's motion to clarify the preliminary injunction issued by this court.

## BACKGROUND

Plaintiffs, three sportsmen advocacy organizations, bring constitutional challenges to a California statute that prohibits firearm industry members from advertising or marketing firearm-related products in a manner that is designed, intended, or reasonably appears to be attractive to

1

1   minors.  *See* Cal. Bus. & Prof. Code § 22949.80(a)(1) ("A firearm industry member shall not
2   advertise, market, or arrange for placement of an advertising or marketing communication
3   offering or promoting any firearm-related product in a manner that is designed, intended, or
4   reasonably appears to be attractive to minors.").

5   On August 5, 2022, plaintiffs initiated this action against defendant seeking an order
6   declaring § 22949.80 unconstitutional, on its face and as applied to them, and enjoining its
7   enforcement.  (Doc. No. 1 at ¶ 2.)  On October 18, 2022, plaintiffs filed their operative FAC,
8   asserting claims for:  (1) violation of their right to freedom of speech under the First Amendment;
9   (2) violation of the right to commercial speech under the First Amendment; (3) violation of their
10  rights to association and assembly under the First Amendment; and (4) violation of the
11  overbreadth doctrine under the First Amendment; (5) violation of the Fifth and Fourteenth
12  Amendments because the provision is void for vagueness; and (6) violation of the Equal
13  Protection Clause under the Fourteenth Amendment.  (Doc. No. 12 at ¶¶ 98–176.)

14  On October 21, 2022, plaintiffs filed a motion for a preliminary injunction seeking to
15  enjoin the enforcement of § 22949.80.  (Doc. No. 13.)  On January 12, 2023, this court issued an
16  order denying plaintiffs' motion for preliminary injunction.  (Doc. No. 23.)  On February 10,
17  2023, plaintiffs appealed the court's denial of their motion for a preliminary injunction to the
18  Ninth Circuit.  (Doc. No. 25.)  On September 22, 2023, the Ninth Circuit reversed and remanded
19  for further proceedings.[1]  (Doc. No. 30.)  On February 28, 2024, the Ninth Circuit issued its
20  mandate.  (Doc. No. 31.)

21  On March 20, 2024, the parties filed a joint status report and attached a proposed order
22  granting plaintiffs' motion for preliminary injunction.  (Doc. Nos. 32, 32-1.)  On April 12, 2024,
23  the court signed the parties' proposed order granting the preliminary injunction.  (Doc. No. 33.)
24  The order preliminarily enjoined defendant "from enforcing California Business & Professions
25  Code § 22949.80."  (*Id*. at 2.)  On May 15, 2024, defendant filed the pending motion to clarify the

---

[1]  In its memorandum decision the Ninth Circuit stated:  "For the reasons outlined in *Junior Sports Magazines v. Bonta*, No. 22-56090 (9th Cir. Sept. 13, 2023), we reverse the denial of preliminary injunction and remand for further proceedings consistent with that opinion."  (Doc. No. 30 at 1–2.)

2

preliminary injunction, seeking an order from the court clarifying that the preliminary injunction issued by the court applies only to California Business and Professions Code § 22949.80, subdivision (a). (Doc. No. 35 at 4.) On May 29, 2024, plaintiffs filed an opposition to defendant's motion to clarify the preliminary injunction, and on June 7, 2024, defendant filed a reply thereto. (Doc. Nos. 36, 37.) On June 25, 2024, defendant filed a notice of supplemental authority notifying the court of a decision in *Junior Sports Magazines v. Bonta*, No. 2:22-cv-04663-CAS-JC, wherein United States District Judge Christina A. Snyder, upon remand from the Ninth Circuit, granted a preliminary injunction enjoining enforcement of California Business and Professions Code § 22949.80, subdivision (a), but denied the plaintiffs' motion to enjoin enforcement of § 22949.80 in its entirety.[2] (Doc. No. 38 at 15–16.)

## LEGAL STANDARD

"The power of a court of equity to modify a decree of injunctive relief is long-established, broad, and flexible." *Brown v. Plata*, 563 U.S. 493, 542 (2011) (internal citation omitted). A district court has discretion to clarify or modify the scope of an injunction. *Smagin v. Yegiazaryan*, No. 2:14-cv-09764-RGK-PLA, 2020 WL 1652347, at *3 (C.D. Cal. Apr. 1, 2020) ("A district court has discretion to clarify the scope of an injunction.); *see also Sacramento Homeless Union v. Cnty. of Sacramento*, 617 F. Supp. 3d 1179, 1199 (E.D. Cal. 2022) (granting but modifying the request for injunctive relief sought by the plaintiffs). By clarifying the scope of a previously issued injunction, a court "add[s] certainty to an implicated party's effort to comply with the order and provide[s] fair warning as to what future conduct may be found contemptuous." *N.A. Sales Co., Inc. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d Cir. 1984). "[C]larification may be obtained on motion by a party or made on the court's own motion." *Smagin*, 2020 WL 1652347, at *3; *see also Armstrong v. Brown*, 768 F.3d 975, 980 (9th Cir. 2014) ("[A] district court may *sua sponte* order or modify injunctive relief."). If a party "contends that the scope of [an] injunction is overly broad . . . the proper approach would be for

---

[2] The court notes that according to the docket in *Junior Sports Magazines v. Bonta*, No. 2:22-cv-04663-CAS-JC, plaintiffs appealed from this decision to the Ninth Circuit Court of Appeals on June 28, 2024 and the parties in that case are awaiting the decision of the appellate court.

1 [that party] to seek a modification or clarification of the injunction from the district court").

2 *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003).

## ANALYSIS

The parties disagree on the scope of the injunction issued in this case, and in particular whether this court intended to enjoin enforcement of California Business and Professions Code § 22949.80 in its entirety, or only subdivision (a). Defendant argues that subdivision (a) is the only provision of § 22949.80 that plaintiffs have challenged in this action, as their complaint and operative first amended complaint ("FAC") allege only that the advertising provision appearing in subdivision (a) is unconstitutional, and plaintiffs did not challenge, or even address, subdivision (b) which "limits the use and dissemination of the personal information of minors." (Doc. No. 35 at 5–7.) In opposition, plaintiffs argue that their FAC states that they seek to enjoin "California Business & Professions Code section 22949.80" which would include subdivision (b), and that the Ninth Circuit in *Junior Sports Magazines* stated "that [Section] 22949.80 is likely unconstitutional under the First Amendment" without distinguishing between the statute's subdivisions. (Doc. No. 36 at 12–13.) Plaintiffs also argue for the first time that subdivision (b) is not simply a privacy provision but also "plainly restricts commercial speech" and fails under the *Central Hudson* test. (*Id*. at 14–17) (citing *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557 (1980)). At the hearing on the pending motion to clarify the injunction, plaintiffs also proffered that because the court already entered an order enjoining defendant from "enforcing California Business & Professions Code § 22949.80," it would be most appropriate to leave the order as originally entered.

The court first addresses plaintiffs' argument that the court should not clarify its order enjoining enforcement of the statute because the order has already been entered. The court does not find this argument to be persuasive because, as discussed above, district courts clearly have the authority and discretion to issue orders clarifying or modifying injunctions they issue. Further, the court now clarifies that when it issued its order granting a preliminary injunction in this case, the court intended to enjoin only enforcement of California Business and Professions Code § 22949.80(a), and not the statute in its entirety. This is because, as defendant argues, in

moving for preliminary injunctive relief plaintiffs focused their arguments entirely upon subdivision (a) and did not mention, let alone address, subdivision (b) of the statute. (*See* Doc. Nos. 13 at 11–13, 16–32; 18 at 3–12.) However, the court issued its order pursuant to the parties' stipulation which stated that defendant would be enjoined from "enforcing California Business & Professions Code § 22949.80." The court's failure to specify that only § 22949.80(a) was enjoined was simply oversight on the court's part.[3]

Next, the court addresses plaintiffs' argument that enjoining subsection (b) as well is required by the scope of the Ninth Circuit's mandate in this case. The rule of mandate provides that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). But when a court is "confronted with issues that the remanding court never considered, the mandate 'requires respect for what the higher court decided, not for what it did not decide.'" *Id.* (quoting *United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000)).

Here, the Ninth Circuit's mandate simply stated that: "For the reasons outlined in *Junior Sports Magazines v. Bonta*, No. 22-56090 (9th Cir. Sept. 13, 2023), we reverse the denial of preliminary injunction and remand for further proceedings consistent with *that* opinion." (Doc. No. 31 at 1–2) (emphasis added). Accordingly, the court turns to the substance of the Ninth Circuit's opinion in *Junior Sports* to determine the breadth of the order and apply it to the present case. In doing so, the court observes that the Ninth Circuit in *Junior Sports* did not mention nor address the constitutionality of § 22949.80(b). Further, the court agrees with Judge Snyder's analysis in *Junior Sports* that California Business and Professions Code § 22949.80(b) proscribes different conduct than subsection (a) and does not fall within the scope of the Ninth Circuit's

/////
/////
/////
/////

---

[3] Defendant's counsel stated at the hearing on the pending motion that defendant's agreement to the language of the parties' stipulation was also an oversight on counsel's part.

analysis of the constitutionality of subsection (a) in *Junior Sports*.[4]  Accordingly, this court concludes that the issuance of an injunction enjoining enforcement of § 22949.80(b) is not supported or appropriate at this time based upon what has been submitted to this court.

After analyzing the Ninth Circuit's mandate in this case, and the corresponding mandate and opinion in *Junior Sports Magazines v. Bonta*, the court will grant defendant's motion for clarification and will clarify that the preliminary injunction entered on April 12, 2024 in this case enjoins enforcement only of California Business and Professions Code § 22949.80(a).[5]

**CONCLUSION**

For the reasons set forth above,

1. Defendant's motion to clarify the injunction (Doc. No. 34) is GRANTED; and
2. The court hereby clarifies that pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant California Attorney General Rob Bonta and the California Department of Justice, their officers, agents, servants, employees, and anyone else

/////

/////

/////

/////

---

[4] "Subsection (b) appears to regulate the use, disclosure, and compilation of minors' personal information.  Its prohibition is specifically limited to the use, disclosure, and compilation of such information with knowledge that such conduct 'is for the purpose of marketing or advertising to [the relevant] minor[s] any firearm-related product.' Cal. Bus. & Prof. Code 22949.80(b).  In other words, it appears that subsection (b) does not prevent a firearm industry member from maintaining the private information of minors and making that information available to members of other non-firearm industries e.g., toy manufacturers, food product producers, etc. Subsection (b) therefore appears to be a privacy regulation targeted specifically at efforts to market/advertise firearms to minors, rather than a general regulation regarding the privacy of minors.  The likely constitutionality of such a regulation has not been fully briefed and was not addressed by the Ninth Circuit, which only addressed the constitutionality of a ban on firearm advertisements to minors as opposed to a ban on collecting/disseminating private information." *Junior Sports Magazines v. Bonta*, No. 2:22-cv-04663-CAS-JC, Doc. No. 69, at *10 (C.D. Cal. June 18, 2024).

[5] Of course, if plaintiffs wish to now move for preliminary injunctive relief as to subdivision (b) of the statute, they are certainly free to do so.  The court would expect that any such motion would be supported by briefing significantly different than that submitted in support of plaintiffs' original motion.

in active concert or participation with any of the aforementioned people or entities, are preliminarily enjoined from enforcing California Business & Professions Code § 22949.80(a).

IT IS SO ORDERED.

Dated: __**November 4, 2024**__

DALE A. DROZD
UNITED STATES DISTRICT JUDGE