ROB BONTA, State Bar No. 202668
Attorney General of California
ANTHONY R. HAKL, State Bar No. 197335
Supervising Deputy Attorney General
GABRIELLE D. BOUTIN, State Bar No. 267308
Deputy Attorney General
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone: (916) 210-6053
 Fax: (916) 324-8835
 E-mail: Gabrielle.Boutin@doj.ca.gov
*Attorneys for Defendant Attorney General Rob Bonta, in his official capacity*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SAFARI CLUB INTERNATIONAL, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California, et al.,**<br><br>Defendants. | 2:22-cv-01395-DAD-JDP<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 50)**<br><br><u>Prior Hearing Information</u><br><br>Date:          December 17, 2024<br>Time:          1:30 p.m.<br>Courtroom: 4 (Hearing via Zoom)<br>Judge:         The Honorable Dale A. Drozd<br>Trial Date:   None set<br>Action Filed: August 5, 2022 |

1

Def's. Response to Pltfs.' Not. of Supp. Auth. (2:22-cv-01395-DAD-JDP)

**INTRODUCTION**

Defendant Attorney General Rob Bonta respectfully submits this response to Plaintiffs' Notice of Supplemental Authority in Support of Motion for Judgment on the Pleadings, ECF No. 50, in accordance with this Court's Minute Order of July 30, 2025, ECF No. 51.

**PROCEDURAL BACKGROUND**

In this action, Plaintiffs challenge the constitutionality of California Business and Professions Code section 22949.80 which, among other things, prohibits the advertising or marketing of firearm-related products in a manner "designed, intended, or reasonably appears to be attractive to minors." Cal. Bus. & Prof. Code § 22949.80(a)(1). In the related case of *Junior Sports Magazines v. Bonta*, No. 2:22-cv-04663-CAS, (C.D. Cal. filed July 8, 2022), a separate set of plaintiffs challenge the same statute.

In both cases, the district courts denied the plaintiffs' motions for preliminary injunctions, and the plaintiffs appealed to Ninth Circuit. The Ninth Circuit reversed the district court decisions, ruling that section 22949.80 likely violates the First Amendment. *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1116, 1121 (9th Cir. 2023). On remand, both district courts held proceedings on whether the preliminary injunction should apply to all of section 22949.80 or just subdivision (a) of the statute. Both district courts determined that the preliminary injunction should apply to only to subsection (a) and issued preliminary injunctions (or in this case, modified its preliminary injunction) accordingly. In *Junior Sports*, the plaintiffs appealed that ruling.

While that appeal was pending, Plaintiffs here filed a Motion for Judgment on the Pleadings, seeking a judgment and permanent injunction as to all of section 22949.80. ECF No. 43. Defendant opposed the motion and the Court heard arguments on December 17, 2024. *See* ECF Nos. 43, 47, 48.

On July 7, 2025, the Ninth Circuit issued its ruling in the second *Junior Sports* appeal in an unpublished Memorandum. *Junior Sports Mags. Inc. v. Bonta*, No. 24-4050, 2025 WL 1863184, (9th Cir. July 7, 2025). In the Memorandum, the panel ruled that its prior analysis and conclusion

2

Def's. Response to Pltfs.' Not. of Supp. Auth. (2:22-cv-01395-DAD-JDP)

1  that section 22949.80 is likely unconstitutional under the First Amendment applied to the entire
2  statute, not just subdivision (a).  *Id.* at *1.
3  On July 8, 2025, Plaintiffs here filed a notice of supplemental authority alerting the Court of the
4  *Junior Sports* Memorandum.  ECF No. 50.  On July 30, 2025, this Court issued a Minute Order
5  ordering Defendant to file a response to Plaintiffs' Notice.  ECF No. 51.

**ARGUMENT**

Defendant does not dispute that the Ninth Circuit has now held that all of section 22949.80 likely violates the First Amendment, at least for purposes of a preliminary injunction.  *Junior Sports Mags.*, 2025 WL 1963184 at *1; *Junior Sports Mags.,* 80 F.4th at 1116, 1121.  Nevertheless, under the applicable legal standards, judgment on the pleadings in favor of Plaintiffs is not appropriate at this time.

"Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law."  *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).  "[A] plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery."  *Id.*

That is the case here, as Defendant previously argued in the opposition brief.  ECF No. 47 at 8.  Plaintiffs allege in paragraphs 81 through 97 of the First Amended Complaint, among other things, that Plaintiffs engage in the advertising activity regulated by section 22949.80 and that section 22949.80 affects that advertising.  FAC, ECF No. 12, at 22-28.  These allegations are material to Plaintiffs claims because they support Plaintiffs' Article III standing to challenge section 22949.80.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (Article III standing requires an injury in fact that is fairly traceable to the challenge conduct and redressable for a favorable decision).  Defendant's Answer includes denials (often based on lack of knowledge or belief) to virtually all factual allegations in paragraphs 81 through 97.  Answer, ECF No. 16, at 12-14.  Because Defendant's allegations in the Answer are accepted as true, *see Seventh Day Adventist*, 887 F.2d at 230, Defendant's denials create disputes of material fact and preclude judgment on the pleadings.  *See also Rosen v. Hollywood Show, LLC*, No.

3

Def's. Response to Pltfs.' Not. of Supp. Auth. (2:22-cv-01395-DAD-JDP)

218CV00215CASEX, 2019 WL 4138658, at *2 (C.D. Cal. June 3, 2019) (a defendant's denials in answer "must be accepted as true" and need not be supported with facts to defeat plaintiff's motion for judgment on the pleadings).

The Ninth Circuit's recent decision in *Junior Sports v. Bonta* does not alter this result. Regardless of whether section 22949.80 is likely unconstitutional, Plaintiffs in this case must establish that *they* have standing to bring their claims and obtain relief. The have not done so here based on the pleadings alone because of Defendant's denials in the Answer.[1] Thus, it would be appropriate for the Court to deny the Motion for Judgment on the Pleadings at this time.

In the alternative, Defendant acknowledges that in light of the Ninth Circuit's decision in *Junior Sports*, this case may benefit from the parties engaging in discussion about potential resolution of this matter, rather than further litigation. And Defendant has no objection to the instant Motion for Judgment on the Pleadings remaining under submission for some additional period of time so that the parties can engage in discussion toward that end. If the Court is inclined to adopt this approach, Defendant respectfully requests that the Court defer ruling on the motion and issue an order calling for status reports in some reasonable period of time, such as sixty (60) days.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiffs' Motion for Judgement on the Pleadings. In the alternative, the Court should defer ruling on the motion so that the parties can pursue resolution within a reasonable period of time.

---

[1] Because Plaintiffs have failed to show that there are "no material issues of fact" in this case, it is unnecessary to address whether they might otherwise be "entitled to judgment as a matter of law" following the *Junior Sports* ruling. *Seventh-Day Adventist*, 887 F.2d at 230. However, Defendant does not concede or waive any arguments previously asserted in the Opposition to Plaintiffs' Motion for Judgment on the Pleadings.

4

Def's. Response to Pltfs.' Not. of Supp. Auth. (2:22-cv-01395-DAD-JDP)

| | | |
|---|---|---|
| 1 | Dated: August 22, 2025 | Respectfully submitted, |

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General


*s/ Gabrielle D. Boutin*
GABRIELLE D. BOUTIN
Deputy Attorney General
*Attorneys for Defendant Attorney General Rob Bonta, in his official capacity*

5

Def's. Response to Pltfs.' Not. of Supp. Auth. (2:22-cv-01395-DAD-JDP)

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Safari Club International, et al. v. Rob Bonta** | No. | **2:22-cv-01395-DAD-JDP** |

I hereby certify that on <u>August 22, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>August 22, 2025</u>, at Los Angeles, California.

| | |
|---|---|
| Gabrielle D. Boutin | *s/ Gabrielle D. Boutin* |
| Declarant | Signature |