Michael B. Reynolds, Bar No. 174534
mreynolds@swlaw.com
Colin R. Higgins, Bar No. 268364
chiggins@swlaw.com
Cameron J. Schlagel, Bar No. 320732
cschlagel@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES SPORTSMEN'S ALLIANCE FOUNDATION, an Ohio nonprofit corporation; SAFARI CLUB INTERNATIONAL, an Arizona nonprofit corporation; and CONGRESSIONAL SPORTSMEN'S FOUNDATION, a Washington, D.C. nonprofit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-25, inclusive, <br><br> Defendants. | Case No. 2:22-cv-01395- DAD-JDP <br><br> **PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> <u>Original Hearing Information</u> <br><br> Date:   December 17, 2024 <br> Time:  1:30 p.m. <br> Ctrm:  Via Zoom |

(22-cv-01395)

Reply ISO Plaintiffs' Notice of Supplemental Authority

I.

# INTRODUCTION

In accordance with the Court's Minute Order of July 30, 2025,[1] Plaintiffs submit this reply to the State's Response to Plaintiffs' Notice of Supplemental Authority.[2]

The Court invited full briefing on the constitutionality of Section 22949.80(b); Plaintiffs provided it. The Ninth Circuit has since confirmed that Section 22949.80, in toto, violates the First Amendment. *Junior Sports Magazines Inc. v. Bonta*, No. 24-4050, 2025 WL 1863184 (9th Cir. July 7, 2025) ("*Junior Sports II*"). Plaintiffs' protected speech is chilled each day that Section 22949.80 remains on the books. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167–68 (2014).

The State does not dispute the import of the Ninth Circuit's decision in *Junior Sports II*. Nor does it argue that Section 22949.80 could survive *any* level of First Amendment scrutiny. Instead, the State urges additional delay, claiming there is a factual dispute relating to Plaintiffs' standing.[3] This is a red herring. Plaintiffs' individual standing is immaterial to their facial challenge, which is the legal question now before the Court.[4] And in any event, Plaintiffs have established standing as a factual matter.[5]

Plaintiffs' Motion[6] has been fully briefed for nearly a year and *Junior Sports II* removes any conceivable doubt that Section 22949.80 is unconstitutional. Further delay is unwarranted. The Court should enter judgment in Plaintiffs' favor forthwith.

II.

# PLAINTIFFS' MOTION IS RIPE FOR DECISION

Plaintiffs filed their Motion only after the Court, in clarifying its preliminary injunction, expressed that "the likely constitutionality of [Section 22949.80(b)] ha[d] not

---

[1] ECF No. 51.
[2] ECF No. 52.
[3] ECF No. 54 at 3:17–28.
[4] *See* ECF No. 48 at 5:25–7:18.
[5] *Ibid.*
[6] ECF No. 43.

been fully briefed and was not addressed by the Ninth Circuit."[7] The Motion places subdivision (b)—and, by extension, the entirety of Section 22949.80—squarely before the Court. It was fully briefed on November 27, 2024, and the Court took it under submission on December 17, 2024, after oral argument. Over eight months have passed since then and the intervening decision in *Junior Sports II* only confirms Plaintiffs' position.

The panel held that "the statute's subdivisions [are] parts of an integral whole—including the advertising, definitions, and penalties subdivisions—since these subsections work together to regulate speech;" therefore, *the entire statutory scheme* fails even under intermediate scrutiny. 2025 WL 1863184, at *2. Under the rule of mandate, this Court "cannot vary or examine th[e] mandate for any purpose other than executing it." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). The panel's mandate resolves the statutory question as a matter of law and leaves no room for further factual development.

The State's latest response does not suggest otherwise. It "does not dispute that the Ninth Circuit has now held that all of Section 22949.80 likely violates the First Amendment."[8] Nor does the State attempt to justify the statute under *Central Hudson*. This concession eliminates any conceivable basis for withholding final judgment.

## III.

## THERE IS NO DISPUTE OF MATERIAL FACT

The State's sole basis for delay is the assertion of purported factual disputes concerning Plaintiffs' standing. That argument fails for at least three reasons.

First, the State's "dispute" is based solely on its boilerplate denials of allegations "for lack of knowledge or belief." Such bare denials do not create a triable issue where, as here, Plaintiffs proffered undisputed declarations establishing each organization's

---

[7] ECF No. 46 at 6:1, n.4; *see also id.* at 5:7–6:7.
[8] ECF No. 54 at 3:7–8.

concrete and imminent injuries.[9]  The State has never challenged the authenticity or substance of those declarations.

Second, even if standing were in question, it is axiomatic that "a plaintiff whose constitutional rights have not been violated may nevertheless bring a facial challenge to a law that implicates the First Amendment without meeting the traditional injury in fact requirement." *Kumar v. Koester*, 683 F. Supp. 3d 1108, 1114 (C.D. Cal. 2023) (citing *Tennison v. Paulus*, 144 F.3d 1285, 1287 (9th Cir. 1998)).  Plaintiffs' facial challenge is justiciable without individualized evidence of enforcement.  *See City of Los Angeles v. Patel*, 576 U.S. 409, 415–17 (2015).

Third, and related, the allegations the State denied are immaterial to the merits question of whether Section 22949.80, on its face, violates the First Amendment.[10]  Whether Plaintiffs disseminate youth-oriented magazines, sponsor junior shooting competitions, or license branded merchandise may be relevant to prudential standing, but those facts are not relevant to the determination of the applicable First Amendment standard and whether Section 22949.80 violates it.  *See Patel*, 576 U.S. at 415–17; *Driehaus*, 573 U.S. at 161–63, 167.  Indeed, the Ninth Circuit held the statute unconstitutional *assuming* that Plaintiffs' speech is commercial, not because of any fact-specific application.  *See Junior Sports Magazines Inc. v. Bonta*, 80 F.4th 1109, 1115–21 (9th Cir. 2023).  The State offers no reason to depart from that binding precedent.

## IV.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully reiterate their request that the Court grant the pending Motion for Judgment on the Pleadings, declare California Business & Professions Code section 22949.80 unconstitutional in its entirety, and enter a permanent injunction consistent with *Junior Sports II*.

---

[9] *See* ECF No. 48 at 7:9–18; ECF No. 13 (Pls' Mot. Prelim. Inj.).
[10] ECF No. 48 at 5:25–7:8.

| | | |
|---|---|---|
| Dated: August 29, 2025 | | Respectfully submitted, |
| | | SNELL & WILMER LLP |
| | By: | /s/ Cameron J. Schlagel |
| | | Michael B. Reynolds |
| | | Colin R. Higgins |
| | | Cameron J. Schlagel |
| | | *Attorneys for Plaintiffs* |

# CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, a true and correct copy of the foregoing **PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** was filed electronically with the Clerk of the above-captioned Court utilizing the Court's CM/ECF system, resulting in an automatic transmission of a Notice of Electronic Filing to all counsel of record in the above-referenced proceeding.

*/s/ Kimberly A. Collins*

4923-1918-3203